UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN W. BERNSTEIN and<br>PETER M. RACHER, AS TRUSTEES OF<br>THE THIRD SITE TRUST FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICIA A. BANKERT, individually, and in<br>her capacity as Personal Representative of the<br>Estate of Jonathan W. Bankert, Sr., JONATHAN<br>W. BANKERT, JR., GREGORY BANKERT,<br>ROBERT H. BANKERT, KATHERINE L.<br>BANKERT, CYNTHIA A. RUSSELL,<br>ENVIROCHEM CORPORATION,<br>AUTO OWNERS MUTUAL INSURANCE<br>COMPANY, GREAT AMERICAN EXCESS<br>AND SURPLUS INSURANCE COMPANY,<br>ROCKWOOD INSURANCE COMPANY OF<br>INDIANA, and GATEWAY INSURANCE<br>COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:08-cv-0427-RLY-WTL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Norman W. Bernstein and Peter M. Racher, as trustees of the Third Site Trust Fund (the "Trustees"), for their Complaint against Defendants Patricia A. Bankert, individually and as Personal Representative of the Estate of Jonathan W. Bankert, Sr., Jonathan W. Bankert, Jr., Gregory Bankert, Robert H. Bankert, Katherine L. Bankert, Cynthia A. Russell and Enviro-Chem Corporation (collectively referred to as the "Bankerts") and Auto Owners Mutual Insurance Company ("Auto Owners"), Great American Excess and Surplus Insurance Company ("Great American"), Rockwood Insurance Company of Indiana ("Rockwood") and Gateway

Insurance Company ("Gateway") (collectively the "Insurer Defendants") allege and state and follows:

## INTRODUCTION

1. This is an action by the Trustees to recover environmental response costs, damages and attorneys' fees and other relief arising from the Bankerts' liability under the Comprehensive Environmental Response, Compensation and Liability Act 42 U.S.C. § 9601, et seq. ("CERCLA"), and under Indiana statutes and common law in connection with the Bankerts' ownership, operation and other activities regarding property located near Zionsville, Indiana, commonly referred to as "Third Site." "Third Site" is the name given by the U.S. Environmental Protection Agency ("EPA") to a tract of property consisting of several acres located approximately 5 miles north of Zionsville, Indiana, along Finley Creek which is largely owned by the Bankerts. Upon information and belief, Third Site was used for the temporary staging and storage of liquid hazardous substances used in a now defunct recycling business known as the Environmental Conservation and Chemical Corporation (commonly referred to as "EnviroChem"). Those hazardous substances have been released into the environment and are the subject of an ongoing removal action at and around Third Site.

## JURISDICTION AND VENUE

2. This action arises under CERCLA and Indiana statutes and common law. Accordingly, this Court has jurisdiction pursuant to § 113(b) of CERCLA, 42 U.S.C. § 9613(b), as well as 28 U.S.C. § 1331 and 1337. Claims against the Insurer Defendants are within the supplemental jurisdiction of this Court.

3. Venue is proper in the Southern District of Indiana pursuant to § 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the release of hazardous substances has occurred in this district and because Third Site is located in this district.

## THE SITE AND THE PARTIES

4. The Third Site Trust Fund was created pursuant to Orders of the EPA to fund a study and removal action to respond to environmental conditions at Third Site, and Third Site is a "facility" within the meaning of §109 of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA), 42 U.S.C. § 9601(9).

5. Each of the Trustees is a "person" as defined by § 101(21) of CERLA, 42 U.S.C. § 9601(21) and Indiana Code § 13-30-9-2.

6. Jonathan W. Bankert, Sr., now deceased, was an owner and operator of EnviroChem. EnviroChem was in the business of reclaiming and formulating solvents into industrial grade heating fuel. During his life, Jonathan W. Bankert, Sr. owned the real property where EnviroChem conducted its operations and also owned most of the nearby real property which is now known as Third Site.

7. Patricia A. Bankert is a resident of the State of Indiana. Upon information and belief, Patricia A. Bankert had an ownership interest in EnviroChem and was involved in its operations. Patricia A. Bankert has or had an ownership interest in the real property where Third Site is located. Patricia A. Bankert is the Personal Representative for the Estate of Jonathan W. Bankert, Sr.

8. Upon information and belief, Jonathan W. Bankert, Jr., Gregory Bankert, Robert H. Bankert, Katherine Bankert and Cynthia Russell are residents of the State of Indiana and had ownership interests in EnviroChem and were involved in the operations of EnviroChem,

including the disposal of hazardous substances at Third Site. Additionally, they each had or have an ownership interest in the real property where Third Site is located.

9. Each of the Bankerts is an "owner or operator" of Third Site as defined by CERCLA, 42 U.S.C. § 9601(20)(A) and Indiana Code § 13-30-9-2.

10. Each of the Bankerts is: (a) the current "owner" of a facility within the meaning of 42 U.S.C. § 9607(a)(1); (b) a "person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of" within the meaning of 42 U.S.C. § 9607(a)(2); and (c) a "person who by contract, agreement, or otherwise, arranged for disposal or treatment" of hazardous substances at Third Site within the meaning of 42 U.S.C. § 9607(a)(3).

11. Auto Owners is a for-profit domestic insurance company incorporated in Michigan and licensed to sell insurance in the State of Indiana.

12. Great American is a for-profit domestic insurance company incorporated in Delaware and licensed to sell insurance in the State of Indiana. Great American is the transferee of certain liabilities of Agricultural Excess and Surplus Insurance Company, including the liabilities of certain policies issued by Agricultural Excess and Surplus Insurance Company.

13. Rockwood is a for-profit domestic insurance company incorporated in Indiana and licensed to sell insurance in the State of Indiana.

14. Gateway is a for-profit domestic insurance company incorporated in Missouri and licensed to sell insurance in the State of Indiana. Gateway is the transferee of certain liabilities of Casualty Indemnity Exchange, including the liabilities of certain policies issued by Casualty Indemnity Exchange.

## FACTS

15. Third Site was used by the Bankerts as a staging and storage area for liquid hazardous substances which were used in EnviroChem's operations.

16. The manner in which the liquid hazardous substances were staged and stored at Third Site resulted in the release of large quantities of hazardous substances into the environment. The hazardous substances which have been found at Third Site include tetrachloroethene, 1,1,1 trichloroethylane, and various other volatile organic compounds ("VOCs") and semi-volatile organic compounds ("SVOCs").

17. The VOCs and SVOCs released at Third Site are hazardous substances as defined by § 101(14) of CERCLA, 42 U.S.C. § 9601(14). The release of hazardous substances at Third Site has impacted the surface soil, subsurface soil and groundwater and threatened nearby Finley Creek.

18. During the time that liquids were being staged, stored and released at Third Site, the Bankerts owned EnviroChem and were involved in its daily operations, including the decision to stage and store the hazardous substances at Third Site. The Bankerts also owned, and still own to this day, the real property on which EnviroChem and the Third Site operations took place.

19. During the time that the hazardous materials were being staged, stored and released at Third Site, the Bankerts lived at or near Third Site.

20. The Bankerts were directly involved in the negligent movement of hazardous substances in a manner that increased environmental risks and costs.

21. The Bankerts caused or contributed to the release of hazardous substances into the surface and subsurface soils and the groundwater at Third Site. Release means any "spilling,

leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment." 42 U.S.C. § 9601(22).

22. Under EPA's supervision, the Trustees have funded a study and removal activities at Third Site that are ongoing.

23. The Trustees have incurred costs in performing environmental response activities at Third Site. The full extent of the response costs at Third Site is still unknown and has not yet been incurred. However, it is estimated that the cost of the environmental response required at Third Site by EPA, including the operation and maintenance costs associated with implementation of the work, will cost in excess of $6 million.

24. The costs that have been incurred and will be incurred by the Trustees are "reasonable" within the meaning of Indiana Code § 13-30-9.

25. The costs that have been and will be incurred by the Trustees are "necessary costs of response" within the meaning of CERCLA, 42 U.S.C. § 9607(a)(4)(b).

26. The response actions undertaken by the Trustees are consistent with the National Contingency Plan (40 C.F.R.§ 300.700, *et seq.*) within the meaning of CERCLA, 42 U.S.C. § 9607(a)(4)(b).

27. Patricia Bankert and Jonathan Bankert, Sr. were named insureds in the policies issued by each of the Insurer Defendants. The insurance policies issued by the Insurer Defendants provide coverage against loss and legal liability arising from the claims being asserted against the Bankerts. The pertinent insurance policies issued by the Insurer Defendants or their predecessors are listed in a chart attached hereto as <u>Exhibit 1</u>. They are too voluminous to conveniently attach to this complaint, but will be made available to the parties in discovery.

28. Each of the Insurer Defendants must respond under the insurance policies to any covered event that occurred during the policy period irrespective of when the claim was actually made. The environmental releases at Third Site constitute either "property damage" or "bodily injury" caused by an "accident" or "occurrence" or "personal injury" within the meaning of the policies. Even the bankruptcy or insolvency of the policyholder does not release the Insurer Defendants of their obligations under these insurance policies.

29. The Trustees are entitled to a declaration that each Insurer Defendant is obligated to provide insurance coverage, subject to its respective policy limitations for its policyholder's liabilities as set forth in Counts I through V of this Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### COST RECOVERY UNDER 42 U.S.C. §9607(a)

30. The Trustees incorporate the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Pursuant to 42 U.S.C. § 9607(a)(4)(b), the Trustees are entitled to recover from the Bankerts the "necessary costs of response" that are "consistent with the National Contingency Plan", 40 C.F.R. § 300.700, *et seq*.

32. To date, the Trustees have incurred necessary costs of response consistent with the National Contingency Plan in excess of $5,000,000.

33. The Trustees are likely to incur estimated future response costs consistent with the National Contingency Plan in an amount in excess of an additional $1,000,000.

7

34. The Trustees are entitled to a money judgment against the Bankerts, jointly and severally, to the full extent of their response costs incurred in connection with Third Site pursuant to 42 U.S.C. § 9607(a)(4)(b) to the date of judgment.

## COUNT II
## DECLARATORY RELIEF UNDER 28 U.S.C. § 2201 and 42 U.S.C. 9613(g)(2)

35. The Trustees incorporate the allegations contained in paragraphs 1 through 34 of this Complaint.

36. An actual, substantial, legal controversy now exists between the Trustees and the Bankerts. Accordingly, the Trustees seek a judicial declaration of its rights and legal relations with the Bankerts pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613 (g)(2). Specifically, the Trustees request entry of an Order declaring that the Bankerts are obligated to reimburse the Trustees for past and future necessary costs of response at Third Site.

37. Accordingly, Trustees are entitled to a declaration that:

   A. Third Site is a facility as defined by § 101(9) of CERCLA, 42 U.S.C. § 9601(9);

   B. The Bankerts are "owners or operators" as defined by § 101(20) of CERCLA, 42 U.S.C. § 9601(20);

   C. A "hazardous substance" as defined by § 101(14) of CERCLA, 42 U.S.C. § 9601(14), has been released on Third Site by the Bankerts;

   D. The Trustees have incurred and will continue to incur substantial costs in evaluating, removing and remedying the release of hazardous substances which are "necessary costs of response" within the meaning of § 107(a)(4)(b) of CERCLA, 42 U.S.C. § 9607(a)(4)(b);

E.   The evaluation, removal and other response activities that have been and will be performed by the Trustees are consistent with the National Contingency Plan (40 C.F.R. 300.700, *et seq*;) as provided for under § 107(a)(4)(b) of CERCLA, 42 U.S.C. § 9607(a)(4)(b);

F.   The Bankerts are owners of Third Site or were owners or operators at the time when hazardous substances were disposed of at Third Site within the meaning of § 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2);

G.   The Bankerts arranged for the disposal of hazardous substances at Third Site, within the meaning of § 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3); and

H.   The Bankerts are liable, jointly and severally, for all of the costs of response incurred and to be incurred by the Trustees for Third Site.

## COUNT III
## ENVIRONMENTAL LEGAL ACTION

38.   The Trustees incorporate the allegations contained in paragraphs 1 through 37 of this Complaint.

39.   Pursuant to Section 2 of Indiana's Environmental Legal Action Statute, Indiana Code § 13-30-9-2, a person may bring an environmental legal action against a person who caused of contributed to the release of a hazardous substance into the surface or subsurface or groundwater that poses a risk to human health and the environment in order to recover the reasonable cost of removal or remedial actions involving the hazardous substance.

40.   The Bankerts caused the release of hazardous materials into the surface, subsurface and groundwater at Third Site.

41. The Trustees are entitled to recover from the Bankerts the expenses the Third Site Trust has incurred to date and will incur in the future to remediate Third Site according to the equitable factors set forth in Section of the Indiana Environmental Legal Action Statute, Indiana Code § 13-30-9-3.

42. Pursuant to Indiana Code § 13-30-9-3, this Court is authorized to award the Third Site Trust reasonable costs, including attorneys' fees incurred in bringing this action.

43. The Bankerts are liable to the Trustees for costs incurred by the Third Site Trust in cleaning up Third Site, including costs associated with bringing this action.

## COUNT IV
## NEGLIGENCE

44. The Trustees incorporates the allegations contained in paragraphs 1 through 43 of this Complaint.

45. The Bankerts owed duties to: (a) not release hazardous substances into the environment as a part of their waste storage and/or recycling operations; (b) not permit or allow hazardous substances to invade the surface soil, subsurface soil and groundwater; and (c) comply with the environmental laws concerning the transportation and disposal of hazardous substances.

46. The Bankerts breached these duties by allowing the release of hazardous substances into the environment at Third Site.

47. The Bankerts have directly and proximately caused damage to the Trustees, including but not limited to requiring the Third Site Trust to incur costs of environmental cleanup.

## COUNT V
## NUISANCE

48.  The Trustees incorporate the allegations contained in paragraphs 1 through 47 of this Complaint.

49.  Third Site is and has been a nuisance as defined by Ind. Code 32-30-6-6, and the Bankerts owned and operated Third Site and contributed to the nuisance.

50.  The Bankerts' ownership and operation of Third Site have directly and proximately caused damage to the Trustees, including but not limited to requiring the Third Site Trust to incur costs of environmental cleanup.

51.  The nuisance at Third site is continuing and remains unabated.

## COUNT VII
## DECLARATORY JUDGMENT OF COVERAGE AGAINST THE INSURERS

52.  The Trustees incorporate the allegations contained in paragraphs 1 through 51 of this Complaint.

53.  The Trustees seek a declaration that each of the Insurer Defendants are obligated to provide insurance coverage, subject to their respective policy limits, for the liabilities in the amount owed by their policyholders to the Trustees pursuant to Counts I through V of this Complaint.

54.  An actual controversy exists as to the nature and scope of each Insurer Defendant's obligations under the policies regarding the claims asserted by the Trustees against Insurer Defendant's policyholders.

55.  Declaratory relief will be helpful to resolve the dispute between the parties and determine their respective rights and obligations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustee pray that the Court:

1. Enter judgment in favor of the Trustees and against the Bankerts jointly and severally;

2. Order the Bankerts to pay the Trustees an amount that will fully and fairly compensate the Third Site Trust Fund for its past response costs and damages including for prejudgment interest;

3. Enter declaratory relief pursuant to 42 U.S.C. § 9613 (g)(2) that the Bankerts must pay the Trustees an amount that will fully compensate the Third Site Trust Fund for prospective response costs and damages;

4. Order the Bankerts to pay the Trustees an amount sufficient to reimburse the Third Site Trust Fund for the costs of all past and future corrective action at Third Site pursuant to Ind. Code § 13-30-9;

5. Order the Bankerts to pay the Trustees' reasonable attorneys' fees and costs of this litigation pursuant to Ind. Code § 13-30-9-3;

6. Order the Bankerts to abate the nuisance at Third Site and to pay all amounts necessary to abate the nuisance at Third Site pursuant to Ind. Code § 32-30-6-7;

7. Enter a declaration that Auto Owners, Great American, Rockwood and Gateway are required to and obligated to provide insurance coverage to their policyholders for their policyholders' liability pursuant to Counts I through V of the Complaint; and

8. For all other relief just and proper in the premises.

Respectfully submitted,

*Frederick D Emhardt*
Attorneys for Plaintiffs

George M. Plews, Attorney No. 6274-49
Frederick D. Emhardt, Attorney No. 10952-49
Jonathan P. Emenhiser, Attorney No. 22348-01
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana 46202-2415
Telephone Number: (317) 637-0700
Facsimile Number: (317) 637-0710

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the Trustees respectfully request that this matter be tried by jury.

*Frederick D Emhardt*
Attorneys for Plaintiffs

George M. Plews, Attorney No. 6274-49
Frederick D. Emhardt, Attorney No. 10952-49
Jonathan P. Emenhiser, Attorney No. 22348-01
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana 46202-2415
Telephone Number: (317) 637-0700
Facsimile Number: (317) 637-0710