UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NORMAN W. BERNSTEIN and PETER M. )
RACHER, AS TRUSTEES OF THE THIRD )
SITE TRUST FUND, )
      Plaintiffs, )
)
  vs. )   1:08-cv-0427-RLY-DML
)
PATRICIA A. BANKERT, individually, )
and in her capacity as Personal )
Representative of the Estate of Jonathan W. )
Bankert, Sr., JONATHAN W. BANKERT, )
JR., GREGORY BANKERT, ROBERT H. )
BANKERT, KATHERINE L. BANKERT, )
CYNTHIA A. RUSSELL, ENVIROCHEM )
CORPORATION, and AUTO OWNERS )
MUTUAL INSURANCE COMPANY, )
      Defendants. )

**ENTRY ON PLAINTIFFS' MOTION TO RECONSIDER AND REQUEST TO CERTIFY QUESTION TO THE INDIANA SUPREME COURT and PLAINTIFFS' REQUEST FOR ORAL ARGUMENT ON THE MOTION TO RECONSIDER AND REQUEST TO CERTIFY QUESTION OF STATE LAW TO THE INDIANA SUPREME COURT**

On September 29, 2010, the court granted Defendants' motion for summary judgment on Counts I-V of the Plaintiff's Complaint. Plaintiffs, Norman W. Bernstein and Peter M. Racher, as Trustees of the Third Site Trust Fund (the "Plaintiffs"), move the court to reconsider its Entry granting summary judgment in favor of the Defendants on Count III of the Complaint, Plaintiffs' claim under the Indiana Environmental Legal Action statute ("IELA"), on statute of limitations grounds. Plaintiffs also move the court

1

to certify the question of the accrual of the statute of limitations for purposes of their IELA claim to the Indiana Supreme Court, and move for oral argument on the same. For the reasons set forth below, the court **DENIES** the Plaintiffs' motions.

**I.     Rule 59(e)**

Plaintiffs bring their motion under Rule 59(e) of the Federal Rules of Civil Procedure. That Rule presupposes that a final judgment has been entered. As no final judgment has been entered in this case, this motion is more properly brought pursuant to the court's inherent power to reconsider interlocutory orders "as justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F.Supp. 1154, 1160 (N.D. Ind. 1995). The standards, however, are essentially the same. Reconsideration is appropriate "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lock Realty Corp. IX v. U.S. Health, LP*, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)) (applying the inherent power standard for reconsideration); *see also Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (applying the Rule 59(e) standard for reconsideration). Here, Plaintiffs contend that the court erred as a matter of law in finding that their IELA claim was barred by the statute of limitations.

In *Pflanz v. Foster*, the Indiana Supreme Court held that a cause of action accrues, for purposes of a property owner's claim for contribution or indemnification toward environmental cleanup costs, when the owner of the contaminated property is "ordered to cleanup the property." 888 N.E.2d 756, 759 (Ind. 2008). *Pflanz* involved an order from

the Indiana Department of Environmental Management; here, the orders were issued from the Environmental Protection Agency ("EPA"). The orders issued in this case include: (1) a 1996 Unilateral Administrative Order (the "1996 Consent Order") (to realign Finley Creek); (2) a 1999 Unilateral Administrative Order by Consent (the "1999 Consent Order") (to conduct an Engineering Evaluation and Cost Analysis ("EE/CA") of alternative response actions); and (3) a 2002 Administrative Order on Consent (the "2002 Consent Order") (to conduct removal activities). The 1996 Consent Order required the potentially responsible parties (the "PRPs") to reimburse the EPA for costs associated with the realignment of Finley Creek. (*See* Docket # 145, Defendants' Ex. C at 11). The 1999 and 2002 Consent Orders required the PRPs to sign a Trust Agreement, which granted the Trustees "sufficient powers and authority to collect and administer funds" necessary to finance the site studies and cleanup activities from the PRPs. (*See* Docket # 145, Defendants' Ex. D at 14-15; Docket # 145, Defendants' Ex. E at 17-18).

The Trust contends that the costs incurred in 1996 predated the formation of the Trust, that the 1996 Consent Order "imposed an entirely distinct and different obligation on the parties to which it was entered," *see* Motion at 3, and that the Trust is seeking only the costs incurred with implementing the 1999 and 2002 Consent Orders. The Trust's myopic view of this case is misplaced. The statute of limitations accrued, for statute of limitations purposes, when "some ascertainable damage [] occurred." *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1279 (Ind. 2009) (citing *Pflanz*, 888 N.E.2d at 759)). The ascertainable damage occurred when the EPA ordered the PRPs to

commence a cleanup of the Third Site in 1996. *Pflanz*, 888 N.E.2d at 759. The cleanup of the property began with the 1996 Consent Order's requirement that the PRPs be responsible for the costs incurred with the realignment of Finley Creek. The cleanup continued with the 1999 Consent Order's requirement that the PRPs be responsible for the costs incurred with an EE/CA study, and with the 2002 Consent Order's requirement that the PRPs incur the costs associated with the removal activities mandated by the EPA. In other words, this is one "removal action," and the Plaintiffs have never argued otherwise. Thus, their attempt to divorce the 1996 Consent Order from the 1999 and 2002 Consent Orders is without merit. The fact that the Plaintiffs were not in existence in 1996 is irrelevant, as "'third parties are usually held accountable for the time running against their predecessors in interest.'" *City of South Bend*, 899 N.E.2d at 1279 (quoting *Mack v. Am. Fletcher Nat'l Bank & Trust Co.*, 510 N.E.2d 725, 734 (Ind. Ct. App. 1987)).

As further support for the court's ruling, the court notes that the Plaintiffs were aware of the contamination at the Third Site as early as, if not before, the 1996 Consent Order. As set forth in an April 2, 1996, correspondence from the EPA, all PRPs from the Envirochem Site are PRPs of the Third Site, because the sites are linked. This April 2, 1996, correspondence was directed specifically at Plaintiff Norman Bernstein. (*See* Docket # 48, Affirmation of Norman W. Bernstein, Ex. 1). Thus, the Plaintiffs were on notice of the contamination at the Third Site well before the 1999 Consent Order.

In the court's September 29, 2010 Entry, the court held that the statute of

limitations for an IELA claim is ten years. (Docket # 177, Entry on Defendants' Joint Motion for Summary Judgment at 21). That statement was not entirely correct. In the *City of South Bend*, the Indiana Supreme Court did not resolve the issue of whether the statute of limitations was six or ten years, because for purposes of that case, it was not dispositive. 899 N.E.2d at 1286 n.9. It is not dispositive here either, because even allowing for the longest possible limitations period, ten years, Plaintiffs had until February 28, 2008, within which to bring their action under the IELA. They did not do so. The court therefore finds that it did not commit a manifest error of law in ruling that the Plaintiffs' IELA claim was time-barred. Accordingly, Plaintiffs' motion to reconsider the court's September 29, 2010 Entry is **DENIED**.

## II.     Request to Refer Question to Indiana Supreme Court

In the alternative, Plaintiffs move the court to certify the question of the accrual of the IELA claim to the Indiana Supreme Court. Indiana Rule of Appellate Procedure 64(A) provides that a federal district court sitting in Indiana may certify a question of Indiana law to the Indiana Supreme Court "when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling precedent." The Indiana Supreme Court has spoken definitively on the issue of the accrual of the statute of limitations for an IELA claim for contribution or indemnification in the two main cases cited by this court: (1) *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274 (Ind. 2009) and (2) *Pflanz v. Foster*, 888 N.E.2d 756 (Ind. 2008). Accordingly, Plaintiffs' request to certify the accrual of

5

their IELA claim to the Indiana Supreme Court is **DENIED**.

### III. Request for Oral Argument

Plaintiffs' move for oral argument on the motion to reconsider and the request to certify question of state law to the Indiana Supreme Court. The court previously heard oral argument from the parties prior to the court's issuance of the September 29, 2010 Entry. Counsel had the opportunity to educate the court regarding the accrual of the statute of limitations in an IELA claim at that time. The court finds further argument on the same is not necessary. Accordingly, Plaintiffs' request for oral argument is **DENIED**.

### IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion to Reconsider and Request to Certify Question of State Law to the Indiana Supreme Court (Docket # 179) is **DENIED**. In addition, Plaintiffs' Request for Oral Argument on the Motion to Reconsider and Request to Certify Question of State Law to the Indiana Supreme Court (Docket # 191) is **DENIED**.

**SO ORDERED** this 3rd day of February 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Scott Ernest Andres
DUE DOYLE FANNING  & METZGER
sandres@duedoyle.com

Norman W. Bernstein
N.W. BERNSTEIN & ASSOCIATES LLC
nwbernstein@nwbllc.com

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

Jeffrey William Ferrand
JENNINGS TAYLOR WHEELER & HALEY
jferrand@jtwhlaw.com

Willis Edward Huiras
DAVIS & SARBINOFF LLP
weh@d-slaw.com

Leon J. Letter
WILLINGHAM & COTE' P.C.
lletter@willinghamcote.com

David L. Taylor
JENNINGS TAYLOR WHEELER & HALEY
dtaylor@jtwhlaw.com

John A. Yeager
WILLINGHAM & COTE' P.C.
jyeager@willinghamcote.com

S. Gregory Zubek
WHITHAM HEBENSTREIT & ZUBEK
sgz@whzlaw.com